# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY RAVON RUFFIN, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:17-CV-1619 |
| UNITED STATES OF AMERICA, | : | (Judge Brann) |
| Respondent. | : | |

## MEMORANDUM OPINION

### OCTOBER 19, 2017

## I.  BACKGROUND

Anthony Ravon Ruffin, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241.  Named as Respondent is the United States of America.[1]  The required filing fee has been paid.

Petitioner entered a guilty plea on June 11, 2007 in the United States District Court for the Eastern District of North Carolina to possession with intent to distribute more than 5 grams of cocaine base and using and carrying a firearm

---

[1]   Since the only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official, the Warden of USP-Allenwood will be deemed the Respondent in this matter. *See*  28 U.S.C. § 2242.

during and in relation to a drug trafficking crime. Following his plea, Ruffin was sentenced to a seventy-eight (322) month term of imprisonment on April 15, 2009. *See* Doc. 3, p. 21.

There was a delay in sentencing because Ruffin absconded following his plea. During that period Ruffin committed additional crimes. Specifically, following a 2009 jury trial in the United States District Court for the Middle District of North Carolina, Ruffin was convicted of armed bank robbery and related crimes. He was sentenced on December 9, 2010 to a consecutive 415 month term of imprisonment. The conviction was affirmed on direct appeal. *See United States v. Ruffin*, 494 Fed. Appx. 306, 307 (4th Cir. 2012). Ruffin's petition for writ of certiorari was thereafter denied. *See Ruffin v. United States*, 568 U.S. 1185 (2013).

In his pending action, Ruffin claims that he is entitled to federal habeas corpus because an Assistant United States Attorney who participated in his prosecution in the Middle District of North Carolina was not authorized at that time to practice law and this prosecutor also allegedly destroyed exculpatory evidence. Petitioner previously raised his claims via his direct appeal. *See Ruffin,* 494 Fed. Appx. at 307. He also pursued the same arguments pursuant a motion with the sentencing court pursuant to 28 U.S.C. § 2255 which was denied. *See*

*Ruffin v. United States*, Civ. No. 1:14-cv-87, 2016 WL 8999241 (M.D. N.C. Sept. 9, 2016). The denial of § 2255 relief was affirmed. *See United States v. Ruffin*, 691 Fed. Appx. 80 (4th Cir. May 31, 2017).

**II.   DISCUSSION**

   **A.   Standard of Review**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* Civ. No. 4:05-cv-956, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v.*

*Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

**B.** *Dorsainvil*

Since he initiated his action before this Court, Ruffin is apparently arguing that he may bring his present claims of an unconstitutional prosecution via a § 2241 petition. Ruffin is presumably asserting that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Allenwood.

A federal prisoner challenging the validity of a federal conviction and sentence and not its execution, is generally limited to seeking relief by way of a motion pursuant to § 2255.[2] *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such

---

[2] Clearly, a federal prisoner may challenge the Bureau of Prisons' execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Ruffin's pending action does not present any newly discovered evidence. Ruffin is also not seeking relief based upon a decision which the United States Supreme Court has determined should apply retroactively to cases on collateral review. Furthermore, the prior unfavorable determinations made by the North Carolina district court and Fourth Circuit do not render Petitioner's § 2255 remedy inadequate or ineffective.

Ruffin is clearly challenging the validity of his conviction in the Middle District of North Carolina. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner acknowledges that he filed a direct appeal

and a § 2255 action which included his pending arguments and were addressed and denied on their merits.

Ruffin's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he was unable to present his claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Ruffin's pending claim does not fall within the narrow *Dorsainvil* exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As considered in *Cradle*, the fact that Petitioner's direct appeal and § 2255 action, which asserted the same claims presently pending before this Court, were denied as

meritless does not warrant a determination that § 2255 is inadequate or ineffective to test the legality of his conviction.

Pursuant to the above discussion, habeas corpus review is not appropriate. Accordingly, Ruffin's § 2241 petition will be dismissed without prejudice. This dismissal does not preclude Petitioner from seeking authorization from the Fourth Circuit to file a second or successive § 2255 petition.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge